Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001315
03-MAR-2015
08:33 AM

NO. CAAP-14-0001315

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
IOSEFA MEAFUA PASENE, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE CIRCUIT CIRCUIT
(CR. NO. 09-1-0472)

ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of the record in CAAP-14-0001315,
Defendant-Appellant Iosefa Meafua Pasene (Appellant) appeals from
the Judgment of Conviction and Sentence, filed on November 5,
2014 in the Circuit Court of the First Circuit (November 5, 2014
Judgment). It appears this court lacks appellate jurisdiction
because the November 5, 2014 Judgment is not a final appealable
judgment, pursuant to Hawaii Revised Statutes (HRS) § 641-11.

"The right to an appeal is strictly statutory." State
v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996)
(citation omitted). "Any party deeming oneself aggrieved by the
judgment of a circuit court in a criminal matter, may appeal to
the intermediate appellate court, subject to chapter 602 in the
manner and within the time provided by the rules of the court."

HRS § 641-11. "An offense . . . for which a sentence of imprisonment is authorized constitutes a crime." HRS § 701-107(1).

The November 5, 2014 Judgment is neither a final decision nor a final judgment because the sentencing in this case is incomplete. The November 5, 2014 Judgment indicates that the circuit court may impose restitution at a later date as a part of the sentence upon a State's motion.

Under similar circumstances in an appeal from a district court judgment in a criminal case, we have held that a judgment is not final and appealable unless the sentence is final:

> Judgments of conviction are not final unless they include the final adjudication and the final sentence. In the instant case, the sentence imposed was not the final sentence because the district court expressly left open the possibility that its sentence of Kilborn might include an order requiring Kilborn to pay restitution. The court did not finally decide whether it would order Kilborn to pay restitution and, if so, in what amount. Consequently, the December 5, 2003 Judgment is not final and, because it is not final, it is not appealable.
> Accordingly, IT IS HEREBY ORDERED that the appeal from the December 5, 2003 Judgment is dismissed for lack of appellate jurisdiction.

State v. Kilborn, 109 Hawai'i 435, 442, 127 P.3d 95, 102 (App. 2005).

Therefore, the November 5, 2014 Judgment is not an appealable final judgment under HRS § 641-11. Absent an appealable final judgment in the record on appeal, this court lacks appellate jurisdiction over the appeal.

IT IS HEREBY ORDERED that the appeal is dismissed without prejudice for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, March 3, 2015.

Presiding Judge

Associate Judge

Associate Judge